UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KADEEM MORGAN,

                            Plaintiff,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT POLICE OFFICER OLDSON
AJESULAS, Tax Reg. No.: 942931, and NEW YORK
CITY POLICE DEPARTMENT SERGEANT
JONATHAN ROSARIO, Tax Reg. No. 942478,

                            Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF CITY & AJESULAS**

15 CV 3899 (SJ)(LB)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

        Defendants City of New York and Oldson Ajesulas[1], by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint.

        4.      Deny the allegations set forth in paragraph "4" of the Complaint.

        5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

---

[1] Upon information and belief, the individual identified in the caption as "Jonathan Rosario" has not been served with process and/or has not requested legal representation from the Office of the Corporation Counsel and, therefore, is not yet a party to this action.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to lay venue as stated therein.

7. Paragraph "7" of the Complaint sets forth no averments of fact and therefore requires no response.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City of New York is a municipality organized under the laws of the State of New York and maintains a police department.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit that Oldson Ajesulas is employed by the City of New York as a member of the New York City Police Department.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that Jonathan Rosario is employed by the City of New York as a member of the New York City Police Department.

12. Paragraph "12" of the Complaint sets forth legal conclusions rather than averments of fact and therefore requires no response.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff was arraigned on or about July 12, 2014.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except deny that plaintiff was falsely arrested.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. In response to the allegations set forth in paragraph "21" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the Complaint, including its subparts.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. In response to the allegations set forth in paragraph "24" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

...

27. In response to the allegations set forth in paragraph "27" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, including its subparts.

32. Deny the allegations set forth in paragraph "32" of the Complaint, including its subparts.

33. Deny the allegations set forth in paragraph "33" of the Complaint and respectfully refer the Court to the sources cited therein for a full and accurate recitation thereof.

34. Deny the allegations set forth in paragraph "34" of the Complaint, including its subparts.

35. Deny the allegations set forth in paragraph "35" of the Complaint, including its subparts.

36. Deny the allegations set forth in paragraph "36" of the Complaint, including its subparts.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, including its subparts.

39. Deny the allegations set forth in paragraph "39" of the Complaint, including its subparts.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. In response to the allegations set forth in paragraph "59" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. In response to the allegations set forth in paragraph "75" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. In response to the allegations set forth in paragraph "77" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

80. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

81. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

82. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

83. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

84. Plaintiff cannot obtain punitive damages against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

85. Plaintiff provoked any incident that occurred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

88. There was reasonable suspicion and/or probable cause for any searches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

89. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

90. The individual defendant did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, is protected by qualified immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

91. At all times relevant to the acts alleged in the Complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

92. Plaintiff failed to mitigate damages.

**WHEREFORE,** defendants City of New York and Oldson Ajesulas request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 14, 2015

>ZACHARY W. CARTER
>Corporation Counsel of the
>  City of New York
>*Attorney for Defendants City & Ajesulas*
>100 Church Street
>New York, New York 10007
>(212) 356-2371
>
>By:  /S/
>Karl J. Ashanti, Esq.

TO: David J. Hernandez, Esq.
Law Office of David J. Hernandez
& Associated
*Attorney for the Plaintiff*
26 Court Street, Suite 2707
Brooklyn, New York 11242
t: (718) 522-0009
e: djh@djhernandez.com

9