# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KADEEM MORGAN,

       Plaintiff,

  -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT POLICE OFFICER
OLDSON AJESULAS, Tax Reg. No.: 942931, and
NEW YORK CITY POLICE DEPARTMENT
SERGEANT JONATHAN ROSARIO, Tax Reg. No.:
942478,

       Defendants.
-----------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT PURSUANT TO LOCAL RULE 56.1**

15 CV 3899 (SJ)(LB)

   Plaintiff, KADEEM MORGAN, hereby submits this Response to Defendants' statement pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the Eastern District of New York to set forth the material facts as to which Plaintiff contends there are no genuine issues to be tried and to contest various statements of fact submitted by Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' 56.1 STATEMENT**

1. Plaintiff does not contest paragraph "1" of Defendants' Rule 56.1 statement.
2. Plaintiff contests paragraph "2" of Defendants' Rule 56.1 statement. Plaintiff did not interact with non-party Brent Martin on July 11, 2014, the date of Plaintiff's unlawful arrest. Plaintiff saw Brent Martin at a distance prior to Plaintiff's arrest; however, Plaintiff did not speak with or interact with Brent Martin in any way on July 11, 2014. *See* Excerpt from the Transcript of the Deposition of Kadeem Morgan ("Morgan Dep."), dated May 17, 2016, annexed to Declaration of David J. Hernandez dated _____ _____, 2016 ("Hernandez Decl."), ***Exhibit A***.

3. Plaintiff contests paragraph "3" of Defendants' Rule 56.1 statement. Plaintiff was arrested for an *alleged* violation of Penal Law § 220.31, after Defendant, Police Officer Oldson Ajesulas, *allegedly* observed Plaintiff engage in a hand to hand drug transaction with non-party Brent Martin. *See* Complaint, Docket Entry #1 ("Complaint"), ¶15, Hernandez Decl., *Exhibit B*.

4. Plaintiff does not contest paragraph "4" of Defendants' Rule 56.1 statement.

5. Plaintiff does not contest paragraph "5" of Defendants' Rule 56.1 statement.

6. Plaintiff does not contest paragraph "6" of Defendants' Rule 56.1 statement.

7. Plaintiff does not contest paragraph "7" of Defendants' Rule 56.1 statement.

8. Plaintiff does not contest paragraph "8" of Defendants' Rule 56.1 statement.

9. Plaintiff does not contest paragraph "9" of Defendants' Rule 56.1 statement.

10. Plaintiff does not contest paragraph "10" of Defendants' Rule 56.1 statement.

11. Plaintiff does not contest paragraph "11" of Defendants' Rule 56.1 statement.

12. Plaintiff does not contest paragraph "12" of Defendants' Rule 56.1 statement.

13. Plaintiff does not contest paragraph "13" of Defendants' Rule 56.1 statement.

14. Plaintiff does not contest paragraph "14" of Defendants' Rule 56.1 statement.

15. Plaintiff contests paragraph "15" of Defendants' Rule 56.1 statement insofar as it stands for the proposition that Plaintiff had a full and fair opportunity to litigate the issue of Probable Cause as to his July 11, 2014 arrest during his December 19, 2014 Violation of Probation Hearing. *See* Probation Hearing, 6:24—7:23, annexed to Hernandez Decl. as *Exhibit C*; *see also* N.Y.C.P.L. § 410.70.

16. Plaintiff does not contest paragraph "16" of Defendants' Rule 56.1 statement.

## ADDITIONAL MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

17. Plaintiff did not interact with non-party Brent Martin on July 11, 2014, the date of Plaintiff's unlawful arrest. Plaintiff saw Brent Martin at a distance prior to Plaintiff's arrest; however, Plaintiff did not speak with or interact with Brent Martin in any way on July 11, 2014. *See* Excerpt from the Transcript of the Deposition of Kadeem Morgan ("Morgan Dep."), dated May 17, 2016, annexed to Declaration of David J. Hernandez dated _____, 2016 ("Hernandez Decl."), ***Exhibit A***.

18. Plaintiff was arrested for an *alleged* violation of Penal Law § 220.31, after Defendant, Police Officer Oldson Ajesulas, *allegedly* observed Plaintiff engage in a hand to hand drug transaction with non-party Brent Martin. *See* Complaint, Docket Entry #1 ("Complaint"), ¶15, Hernandez Decl., ***Exhibit B***.

19. At the Violation of Probation Hearing on December 19, 2014, Plaintiff did not have a full and fair opportunity to contest the issue of probable cause as to his July 11, 2014 arrest. *See* Probation Hearing, 6:24—7:23, annexed to Hernandez Decl. as ***Exhibit C***.

20. That is because the Violation of Probation hearing is a summary proceeding conducted without a jury, which does not contain the same procedural safeguards that an open trial does. *See* N.Y.C.P.L. § 410.70; *see also* People v. Sawinski, 294 A.D.2d 667, 668 (3d. Dep't. 2002).

Dated: November 14, 2016
Brooklyn, New York

Respectfully Submitted,

DAVID J. HERNANDEZ & ASSOCIATES
By: David J. Hernandez, Esq.
Attorney for Plaintiff

KADEEM MORGAN  
26 Court Street, Ste. 2707  
Brooklyn, NY 11242  
(718) 522-0009

TO: Karl J. Ashanti, Esq.  
Senior Counsel  
Special Federal Litigation Division  
Office of the Corporation Counsel  
Attorney for Defendants  
100 Church Street, Room 3-199  
New York, New York  10007  
(212) 356-2371  
(212) 788-9776 (fax)  
kashanti@law.nyc.gov

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
KADEEM MORGAN,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT POLICE OFFICER OLDSON
AJESULAS, Tax Reg. No.: 942931, and NEW YORK CITY
POLICE DEPARTMENT SERGEANT JONATHAN
ROSARIO, Tax Reg. No.: 942478,

                Defendants.
------------------------------------------------------------------x

Case No.: 1:15-cv-03899-SJ-LB

**AFFIDAVIT**
**OF SERVICE**

STATE OF NEW YORK, COUNTY OF KINGS, SS.:

      CARLOS MULLES, being duly sworn says:

1. I am not a party to this action, and I am over 18 years of age and reside in Bronx County, New York.

2. On November 14, 2016 I served the within **RESPONSE TO DEFENDANTS' NOTIFICATION LETTER** and **RULE 56.1 COUNTER-STATEMENT** via the **ECF** system and by depositing true copies thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person(s) at the last known addresses set forth after the name:

Karl J. Ashanti, Esq., Senior Counsel
Special Federal Litigation Division
Office of the Corporation Counsel
Attorneys for Defendants
100 Church Street, Room 3-199
New York, New York 10007

                                                       _____
                                                          CARLOS MULLES

Subscribed and sworn to before me this
14th day of November, 2016

_____
Notary Public

TASHIKA I GERMAN
Notary Public, State of New York
No. 01GE6274611
Qualified in Queens County
Commission Expires 01/14/20